KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0797-W |
|---|---|---|
| Plaintiff, | ) | DATE: May 12, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable Thomas J. Whelan |
| GUILLERMO DIAZ, | ) | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | ) | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Guillermo Diaz (hereinafter "Defendant"), was charged by a grand jury on March 19, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), attempted entry after deportation. Defendant was arraigned on the Indictment on April 1, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on February 14, 2008, by a United States Border Patrol Agent ("BPA") in an area known as "Goat Canyon." This area is approximately five miles west of the San Ysidro, California, Port of Entry and two hundred yards north of the United States/Mexico

1  international boundary fence. A BPA responded to this location upon receipt of a radio call
2  reporting that four individuals were walking north from the international boundary. At this
3  location, the BPA encountered two individuals after a brief search, one of which was Defendant.
4  After being detained, Defendant admitted that he was a citizen and national of Mexico without
5  immigration documents entitling him to enter or remain in the United States.

6  Defendant was transported to the Border Patrol's Imperial Beach, California, Processing
7  Center, where Defendant's fingerprints were utilized to perform a computerized check of his
8  criminal and immigration history, revealing him to be a previously deported criminal alien.

### B.   DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY

10  Preliminary criminal history reports show that Defendant has convictions in California and
11  elsewhere. Defendant was convicted in 1993 in El Monte of misdemeanor Assault with a Deadly
12  Weapon and Under Influence of a Controlled Substance, in violation of Cal. PC § 245(A)(1) and
13  HS § 11550; he was sentenced to 120 days incarceration (suspended) and three years probation.
14  In 1997, he was again convicted of misdemeanor Under Influence of a Controlled Substance, in
15  violation of Cal. HS § 11550; he was sentenced to 120 days incarceration (suspended) and two
16  years probation. In 1999, he was convicted in Midland, Texas of felony Possession of a Controlled
17  Substance, in violation of Tex. HS § 481.115(b); he was sentenced to three years probation, then
18  2 years incarceration and 6 months incarceration on separate probation violations. Defendant was
19  also convicted in 2007 in Los Angeles of felony Possession of a Controlled Substance, in violation
20  of Cal. HS § 11350(A); he was sentenced to 16 months incarceration. Defendant was last removed
21  to Mexico on March 1, 2007.

22  //
23  //
24  //
25  //

28                                          4                              08CR0797-W

## III

## UNITED STATES' MOTIONS

### A. FINGERPRINT EXEMPLARS

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

### B. RECIPROCAL DISCOVERY

To date, the United States has provided Defendant with 29 pages of discovery, including reports of his arrest, his rap sheet, and one DVD. The government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

//
//
//
//
//
//
//

## IV

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that its motions be granted..

DATED: April 28, 2008.

                          Respectfully submitted,

                          KAREN P. HEWITT
                          United States Attorney

                          <u>s/ William A. Hall, Jr.</u>
                          WILLIAM A. HALL, JR.
                          Assistant United States Attorney